MKB:ZA
F.#2008R01677

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

DAYANA MENDOZA,
JINNATE JONES,
   also known as "Jinnate Glasper,"
MARCEL ASBELL,
   also known as "Marlowe Anderson,"
WALTER BROWN,
QUIANA CHESTNUT GANTER,
JERJUAN GARDNER,
   also known as "Henry Hill" and
   "Juan,"
AISHA HALL,
   also known as "Aisha Rochester,"
   "Asia" and "Mike Mitchell,"
JACK HORBULEWICZ,
   also known as "Jack Kalisz," and
YOLANDE REEVES,
   also known as "DeeDee" and
   "Veronica Davis,"

              Defendants.

- - - - - - - - - - - - - - - - -X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 18 2009 ★

**BROOKLYN OFFICE**

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>09-292 (S-1) (JG)</u>
(T. 18, U.S.C., §§
 981(a)(1)(C), 982(a)(1),
 982(a)(2), 982(b)(1),
 1343, 1349, 1512(c)(1),
 1956(h), 2 and 3551 <u>et</u>
 <u>seq.</u>; T. 21, U.S.C.,
 § 853(p); T. 28, U.S.C.,
 § 2461(c))

THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

     At all times relevant to this Indictment, unless
otherwise indicated:

<u>Apogee Financial, Inc.</u>

     1.  Apogee Financial, Inc. ("Apogee") was a corporation
registered in Georgia purportedly engaged in the business of
leasing funds to clients.  Apogee purported to lend large sums of

money to its clients for short periods of time in exchange for substantial fees.

The Scheme to Defraud

2.   Apogee's principals and employees purported to open bank accounts containing significant amounts of funds in its clients' names but instead created false "Proof of Funds" letters on bank stationery which stated that the promised accounts existed and contained funds.

3.   Apogee's CEO, salespeople and administrative staff placed advertisements on various Internet sites indicating that they had connections to various wealthy investors who would be willing to "lease" their funds to others in exchange for a substantial fee.

4.   However, when clients purchased Apogee's leased-funds services, Apogee's principals and employees did not, in fact, open bank accounts in the clients' names containing the investors' money.

5.   In order to dupe its clients into believing that Apogee had deposited the investors' money into bank accounts in the clients' names, Apogee's principals and employees printed false Proof of Funds letters on bank stationery stating that the accounts existed and contained funds.

6.   In addition, Apogee's principals and employees recruited and paid, both directly and through various associates,

2

employees at various banks and financial institutions to falsely verify by telephone to Apogee's clients and others that the accounts did, in fact, exist and contain funds.

The Defendants

7.   The defendant AISHA HALL, also known as "Aisha Rochester," "Asia" and "Mike Mitchell," was the Chief Executive Officer of Apogee.  AISHA HALL developed and executed Apogee's fraudulent scheme.  AISHA HALL personally forged bankers' signatures on many of the false Proof of Funds letters provided by Apogee to its clients.

8.   The defendant MARCEL ASBELL, also known as "Marlowe Anderson," was a salesperson employed by Apogee.  MARCEL ASBELL communicated with Apogee clients who wished to lease funds through Apogee, entered into contracts on Apogee's behalf with those clients and provided false Proof of Funds letters created by Apogee to demonstrate that Apogee had, in fact, opened the promised leased-funds accounts.

9.   The defendant JERJUAN GARDNER, also known as "Henry Hill" and "Juan," was a salesperson employed by Apogee.  JERJUAN GARDNER communicated with Apogee clients who wished to lease funds through Apogee, entered into contracts on Apogee's behalf with those clients and provided false Proof of Funds letters created by Apogee to demonstrate that Apogee had, in fact, opened the promised leased-funds accounts.

3

10.   The defendant YOLANDE REEVES, also known as "DeeDee" and "Veronica Davis," was an administrative employee of Apogee.   YOLANDE REEVES posted advertisements for Apogee's services on various Internet sites and referred potential clients who responded to those advertisements to one of the Apogee salespeople.   In addition, YOLANDE REEVES prepared false Proof of Funds letters when Apogee salespeople requested them.

11.   The defendant JACK HORBULEWICZ, also known as "Jack Kalisz," sold false bank seals to Apogee for use on Apogee's fraudulent Proof of Funds letters.

12.   The defendant DAYANA MENDOZA was an employee at the Emeryville, California branch of Wells Fargo & Company. DAYANA MENDOZA provided false bank account verifications to Apogee's clients and was paid by Apogee employees and associates, including the defendant WALTER BROWN, for the false verifications.

13.   The defendant WALTER BROWN served as an intermediary between DAYANA MENDOZA and an Apogee associate identified herein as Co-conspirator 1, an individual whose identity is known to the Grand Jury.   Co-conspirator 1 provided details about Apogee's clients to WALTER BROWN in advance of the clients calling DAYANA MENDOZA at Wells Fargo & Company seeking account verifications, and BROWN provided that information to MENDOZA.   Co-conspirator 1 made payments to WALTER BROWN for the

4

false verifications DAYANA MENDOZA provided to Apogee's clients, and BROWN paid a portion of those payments to MENDOZA.

14.   The defendant JINNATE JONES, also known as "Jinnate Glasper," was an employee at the Pittsburg, California branch of Wells Fargo & Company.  The defendant JINNATE JONES provided false bank account verifications to Apogee's clients and was paid by Apogee employees and associates, including the defendant QUIANA CHESTNUT GANTER, for the false verifications.

15.   The defendant QUIANA CHESTNUT GANTER served as an intermediary between JINNATE JONES and Co-conspirator 1.  Co-conspirator 1 provided details about Apogee's clients to QUIANA CHESTNUT GANTER in advance of the clients calling JINNATE JONES at Wells Fargo & Company seeking account verifications, and GANTER provided that information to JONES.  Co-conspirator 1 made payments to QUIANA CHESTNUT GANTER for the false verifications JINNATE JONES provided to Apogee's clients, and GANTER paid a portion of those payments to JONES.

COUNT ONE
(Conspiracy to Commit Wire Fraud)

16.   The allegations contained in paragraphs 1 through 15 are realleged and incorporated as though fully set forth in this paragraph.

17.   On or about and between July 1, 2008 and March 31, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAYANA

5

MENDOZA, JINNATE JONES, also known as "Jinnate Glasper," MARCEL
ASBELL, also known as "Marlowe Anderson," WALTER BROWN, QUIANA
CHESTNUT GANTER, JERJUAN GARDNER, also known as "Henry Hill" and
"Juan," AISHA HALL, also known as "Aisha Rochester," "Asia" and
"Mike Mitchell," JACK HORBULEWICZ, also known as "Jack Kalisz,"
and YOLANDE REEVES, also known as "DeeDee" and "Veronica Davis,"
together with others, did knowingly and intentionally conspire to
devise a scheme and artifice to defraud, and to obtain money and
property by means of materially false and fraudulent pretenses,
representations and promises and, for the purpose of executing
such scheme and artifice, to transmit and cause to be transmitted
by means of wire communication in interstate commerce, writings,
signs, signals, pictures and sounds, in violation of Title 18,
United States Code, Section 1343.

      (Title 18, United States Code, Sections 1349 and 3551
et seq.)

COUNTS TWO THROUGH FOURTEEN
(Wire Fraud)

      18.  The allegations contained in paragraphs 1 through
15 are realleged and incorporated as though fully set forth in
this paragraph.

      19.  In or about and between July 2008 and December
2008, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants DAYANA
MENDOZA, JINNATE JONES, also known as "Jinnate Glasper," MARCEL

6

ASBELL, also known as "Marlowe Anderson," WALTER BROWN, QUIANA CHESTNUT GANTER, JERJUAN GARDNER, also known as "Henry Hill" and "Juan," AISHA HALL, also known as "Aisha Rochester," "Asia" and "Mike Mitchell," JACK HORBULEWICZ, also known as "Jack Kalisz," and YOLANDE REEVES, also known as "DeeDee" and "Veronica Davis," together with others, did knowingly and intentionally devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

20.   For the purpose of executing the scheme and artifice, on or about the dates set forth below, the defendants identified below, together with others, transmitted and caused to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, as set forth below:

| COUNT | DEFENDANT(S) | DATE | DESCRIPTION OF COMMUNICATION |
|---|---|---|---|
| TWO | AISHA HALL | 7/30/08 | Email sent from AISHA HALL to Client 1, an individual whose identity is known to the Grand Jury, attaching four false Proof of Funds letters. |
| THREE | AISHA HALL and JACK HORBULEWICZ | 8/26/08 | Email sent from JACK HORBULEWICZ to AISHA HALL attaching three false official bank seals. |

7

| FOUR | JERJUAN GARDNER | 9/29/08 | Email sent from JERJUAN GARDNER to Client 2, an individual whose identity is known to the Grand Jury, attaching a false Proof of Funds letter. |
|------|-----------------|---------|------------------------------------------------------------------------------------------------------------------------------------------------|
| FIVE | AISHA HALL and YOLANDE REEVES | 9/30/08 | Email sent from YOLANDE REEVES to AISHA HALL attaching a false Proof of Funds letter in the name of Client 3, an individual whose identity is known to the Grand Jury. |
| SIX | JERJUAN GARDNER and YOLANDE REEVES | 10/1/08 | Email sent from YOLANDE REEVES to JERJUAN GARDNER attaching a false Proof of Funds letter in the name of Client 3. |
| SEVEN | JERJUAN GARDNER | 10/1/08 | Email sent from JERJUAN GARDNER to Client 4, an individual whose identity is known to the Grand Jury, attaching the false Proof of Funds letter identified in Count Six. |
| EIGHT | JERJUAN GARDNER | 11/12/08 | Email sent from JERJUAN GARDNER to Client 5, an individual whose identity is known to the Grand Jury, attaching three false Proof of Funds letters. |
| NINE | DAYANA MENDOZA | 11/17/08 | Telephone call between DAYANA MENDOZA and Client 6, an individual whose identity is known to the Grand Jury, in which DAYANA MENDOZA falsely verified the existence of a Wells Fargo & Company account. |

| TEN | MARCEL ASBELL and AISHA HALL | 12/1/08 | Email sent from AISHA HALL to MARCEL ASBELL attaching a false Proof of Funds letter in the name of Company 1, an entity whose identity is known to the Grand Jury. |
|---|---|---|---|
| ELEVEN | MARCEL ASBELL | 12/1/08 | Email sent from MARCEL ASBELL to Client 7, an individual whose identity is known to the Grand Jury, attaching a false Proof of Funds letter in name of Company 1. |
| TWELVE | JINNATE JONES | 12/5/08 | Telephone call between JINNATE JONES and an individual posing as Client 8, an individual whose identity is known to the Grand Jury, in which JINNATE JONES falsely verified the existence of a Wells Fargo & Company account. |
| THIRTEEN | QUIANA CHESTNUT GANTER and JINNATE JONES | 12/5/08 | Email sent from QUIANA CHESTNUT GANTER to Co-conspirator 1 indicating that Client 8 had just verified an account with JINNATE JONES. |
| FOURTEEN | MARCEL ASBELL | 12/10/08 | Email sent from MARCEL ASBELL to Client 7 demanding payment for the purported leased funds referenced in the false Proof of Funds letter identified in Count Eleven. |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNT FIFTEEN
(Obstruction of Justice)

21.   The allegations contained in paragraphs 1 through 15 are realleged and incorporated as though fully set forth in this paragraph.

22.   On or about and between December 9, 2008 and January 31, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant AISHA HALL, also known as "Aisha Rochester," "Asia" and "Mike Mitchell," together with others, did knowingly, intentionally and corruptly alter, destroy, mutilate and conceal, and attempt to alter, destroy, mutilate and conceal one or more records, documents and other objects, to wit: computers, business records and files pertaining to Apogee Financial, Inc., located at 65 Cadillac Square, Detroit, Michigan, with the intent to impair their availability for use in an official proceeding, to wit: a proceeding before a federal grand jury in the Eastern District of New York.

(Title 18, United States Code, Sections 1512(c)(1), 2 and 3551 et seq.)

## COUNT SIXTEEN
(Conspiracy to Commit Money Laundering)

23.   The allegations contained in paragraphs 1 through 15 are realleged and incorporated as though fully set forth in this paragraph.

24.   On or about and between July 1, 2008 and March 31, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant AISHA HALL, also known as "Aisha Rochester," "Asia" and "Mike Mitchell," together with others, did knowingly and intentionally conspire to conduct financial transactions affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which in fact involved the proceeds of specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the property involved in such financial transactions represented the proceeds of some form of unlawful activity, (a) with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United State Code, Section 1956(a)(1)(A)(i), and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION FOR COUNTS ONE THROUGH FOURTEEN

25.   The United States hereby gives notice to the defendants charged in Counts One through Fourteen that, upon

11

their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c), which require any person convicted of any such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, and all proceeds traceable thereto, including but not limited to:

(a)  A money judgment in an amount to be determined at trial equal to any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, for which the defendants are jointly and severally liable;

(b)  All right, title and interest in all funds previously on deposit at JP Morgan Chase Bank account number 727516635, held in the name of Marcel E. Asbell II, now in the custody of the U.S. Secret Service, and all proceeds traceable thereto, up to and including an amount to be determined at trial equal to the proceeds obtained directly or indirectly as a result of such offenses traceable to this bank account;

(c)  All right, title and interest in one 2006 Land Rover, VIN number SALMF154X6A216015, registered in the name of Marcel Eric Asbell II, up to and including an amount to be determined at trial equal to the proceeds obtained directly or

12

indirectly as a result of such offenses traceable to this
vehicle;

(d)   All right, title and interest in all funds
previously on deposit in JP Morgan Chase Bank account number
793327768, held in the name of Legacy Commodities, LLC, now in
the custody of the U.S. Secret Service, and all proceeds
traceable thereto, up to and including an amount to be determined
at trial equal to the proceeds obtained directly or indirectly as
a result of such offenses traceable to this bank account,
including but not limited to JP Morgan cashier's check number
9436401000;

(e)   All right, title and interest in all funds
previously on deposit in National City Bank account number
0987672111, held in the name of Legacy Investment Group, now in
the custody of the U.S. Secret Service, and all proceeds
traceable thereto, up to and including an amount to be determined
at trial equal to the proceeds obtained directly or indirectly as
a result of such offenses traceable to this bank account;

(f)   All right, title and interest in all funds
previously on deposit in Bank of America account number
375000422562, held in the name of J. J. Goodtimes, Inc., now in
the custody of the U.S. Secret Service, and all proceeds
traceable thereto, up to and including an amount to be determined
at trial equal to the proceeds obtained directly or indirectly as

a result of such offenses traceable to this bank account;

(g)    All right, title and interest in all funds previously on deposit in Washington Mutual account number 3172712032, held in the name of Jacqueline Lambert, now in the custody of the U.S. Secret Service, and all proceeds traceable thereto, up to and including an amount to be determined at trial equal to the proceeds obtained directly or indirectly as a result of such offenses traceable to this bank account; and

(h)    All right, title and interest in all funds previously on deposit at JP Morgan Chase Bank account 782455984, held in the name of Samuel Jones, up to and including the sum of $56,600.00, now in the custody of the U.S. Secret Service, and all proceeds traceable thereto, up to and including an amount to be determined at trial equal to the proceeds obtained directly or indirectly as a result of such offenses traceable to this bank account.

26.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

14

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2) and 982(b)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION FOR COUNT SIXTEEN

27. The United States hereby gives notice to the defendant charged in Count Sixteen that, upon her conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), of all property involved in an offense of conviction in violation of Title 18, United States Code, Section 1956(h), and all property traceable to such property, including but not limited to:

(a) A money judgment in an amount to be determined at trial equal to all property involved in such offense, and all property traceable to such property.

(b) All right, title and interest in all funds

15

previously on deposit at JP Morgan Chase Bank account number 727516635, held in the name of Marcel E. Asbell II, now in the custody of the U.S. Secret Service, and all proceeds traceable thereto;

(c) All right, title and interest in one 2006 Land Rover, VIN number SALMF154X6A216015, registered in the name of Marcel Eric Asbell II;

(d) All right, title and interest in all funds previously on deposit in JP Morgan Chase Bank account number 793327768, held in the name of Legacy Commodities, LLC, now in the custody of the U.S. Secret Service, and all proceeds traceable thereto, including but not limited to JP Morgan cashier's check number 9436401000;

(e) All right, title and interest in all funds previously on deposit in National City Bank account number 0987672111, held in the name of Legacy Investment Group, now in the custody of the U.S. Secret Service, and all proceeds traceable thereto;

(f) All right, title and interest in all funds previously on deposit in Bank of America account number 375000422562, held in the name of J. J. Goodtimes, Inc., now in the custody of the U.S. Secret Service, and all proceeds traceable thereto; and

(g) All right, title and interest in all funds

16

previously on deposit in Washington Mutual account number 3172712032, held in the name of Jacqueline Lambert, now in the custody of the U.S. Secret Service, and all proceeds traceable thereto.

28.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant charged in Count Sixteen:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:_____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

18

F #2006R02331
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL *Division*

THE UNITED STATES OF AMERICA

*vs.*

*DAYANA MENDOZA, et al.*

*Defendants.*

# S U P E R S E D I N G
# INDICTMENT

Cr. No. 09-292 (S-1) (JG)

(T. 18, U.S.C., §§ 981(a) (1)(C), 982(a)(1), 982(a)(2), 982(b)(1), 1343, 1349, 1512(c)(1), 1956(h), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

A true bill.

_____
                                    *Foreman*

Filed in open court this _____ day,

of _____ A.D. 19 _____

_____
                                    *Clerk*

Bail, $ _____

_____
*ZAINAB AHMAD, AUSA; (718) 254-6522*